**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DALTON WILSON and DAN BOWMAN, | ) | 3:07-cv-00612-HDM-RAM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| SECRETARY, DEPARTMENT OF THE INTERIOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is the *pro se* plaintiff Dalton Wilson's ("Wilson") motion to vacate a void judgment (#28) and motion for an order to show cause hearing (#29). Defendants have responded (#32), and Wilson has replied (#33).

Plaintiffs Wilson and Dan Bowman initiated this action on December 14, 2007. Their complaint asserted five causes of action: (1) declaratory judgment that decisions by the Bureau of Land Management ("BLM") and the Interior Board of Land Appeals ("IBLA") were void for lack of jurisdiction; (2) declaratory judgment that the water right at issue included a right-of-way to collect and utilize the water; (3) judicial review of the IBLA decision; (4)

1

declaratory judgment that Underwood Livestock, Inc. – a nonparty entity owned by Wilson – lawfully executed its water right at the time in question; and (5) mandamus ordering the BLM not to interfere with the exercise of the water right at issue.  The defendants moved to dismiss on numerous grounds, including standing and res judicata.

After a hearing on October 30, 2008, the court granted the defendants' motion to dismiss.  Judgment was entered against the plaintiffs and in favor of the defendants on November 3, 2008. Plaintiffs did not file an appeal.

On May 6, 2011, Wilson filed his motion pursuant to Federal Rule of Civil Procedure 60(b) (#63).  Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Wilson brings his motion under Rule 60(b)(4). (Wilson Mots. 1). Although Wilson states that his motion is also brought under Rule 60(b)(6), he argues only that the judgment is void. He does not assert any other basis for vacating the judgment in this case.

2

Accordingly, to the extent Wilson brings his motion under Rule 60(b)(6), the motion is denied.

Wilson is not arguing that the judgment entered by the court in this action is void. Rather, he is arguing that the 2001 IBLA judgment, which was the subject of this action, is void. (Wilson Reply 4:6-8) (stating that his motion is "not an attack on any proceeding or any attack on the subject matter of this Court, but is a collateral attack on a Void Judgment under Rule 60(b)(4) of the IBLA decision . . . .").

Despite Wilson's argument that this court may vacate the IBLA judgment pursuant to Rule 60(b) and the Administrative Procedures Act ("APA"), vacating the IBLA judgment is exactly what Wilson sought when he filed this action. In essence, Wilson is rearguing the merits of his original complaint. A Rule 60(b) motion "is not a substitute for a timely appeal," and a judgment is not void "simply because it may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, – U.S. –, 130 S. Ct. 1367, 1377 (2010). Neither the APA nor Rule 60(b) empowers the court to revisit the merits of this case or the legitimacy of the IBLA decision. Accordingly, Wilson's motion to vacate the IBLA judgment (#28) is denied.

Although Wilson explicitly states he is not attacking the judgment of this court, to the extent his motion may be read as doing so, the motion is denied. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* Wilson does not argue that the court lacked jurisdiction or that it

3

deprived him of due process of law.  In fact, Wilson himself invoked this court's jurisdiction under the APA, and he was heard on his claims.  There is thus no basis for declaring void the judgment in this action.

Because there is no basis for vacating the court's judgment, there is no basis for reopening this case and requiring defendants to appear at a show cause hearing.  Accordingly, Wilson's motion for an order to conduct a show cause hearing (#29) is also denied.

In accordance with the foregoing, Wilson's motions to vacate a void judgment (#28) and for an order to show cause hearing (#29) are hereby **DENIED**.

IT IS SO ORDERED.

DATED: This 6th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE

4